# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRAND WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON WIRELESS, INC. and ERIN McCAHILL, <br><br> Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Cellco Partnership d/b/a Verizon Wireless ("**Verizon Wireless**")[1] and Erin McCahill ("**McCahill**") (together, "**Defendants**"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, submit this Notice of Removal ("**Notice**") to this Court.  In support of this Notice, Defendants state as follows:

### RELEVANT BACKGROUND

1. <u>Initial Pleading and Procedure</u>.  On October 9, 2012, Plaintiff Grand Wireless, Inc. ("**Grand**") filed a Complaint in the Middlesex Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts ("**Middlesex Superior Court**"), captioned as *Grand Wireless, Inc. v. Verizon Wireless, Inc. et al.*, C.A. No. 2012-04015 ("**State Court Action**").  A true and correct copy of the Complaint in the State Court Action is attached to this Notice as <u>Exhibit A</u>.

---

[1] The caption in the State Court Action (defined herein) misnames Verizon Wireless as Verizon Wireless, Inc.

2. <u>Receipt or Service of Initial Pleading</u>.  Defendants have not been served with a copy of the Complaint or Summons in the State Court Action.  Verizon Wireless first became aware and obtained a copy of the Complaint on October 11, 2012.

3. <u>Allegations in the Complaint</u>.  The Complaint contains seven causes of action.[2]  The first cause of action arises under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("**RICO**").  *See* Compl. ¶¶ 1-18 ("**Federal Claim**").  Grand bases the Federal Claim on allegations that McCahill, and other Verizon Wireless executives, engaged in a fraudulent scheme to transmit false representations to others using the United States mail and, furthermore, engaged in a pattern of racketeering activity.  *See id.*  Specifically, Grand alleges that Defendants advised Grand's customers that certain retail locations operated by Grand had closed in an alleged effort to divert wireless communications business from Grand to Verizon Wireless.  *See id* ¶¶ 1-15 (alleged facts).  The remaining causes of action arise from these same operative set of facts and allegations.  *See* Compl. ¶¶ 1-15 (alleged facts); 19-21 (Count II); 23-23 (Count III); 24-25 (Count IV); 26-27 (Count V); 28-29 (Count VI); 30-31 (Count VII).

---

[2] Defendants dispute Grand's factual allegations and legal conclusions in the Complaint.

### SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

## I. DEFENDANTS HAVE MET ALL OF THE STATUTORY PREREQUISITES FOR REMOVAL.

4. <u>Venue</u>. Venue is appropriate in this Court under 28 U.S.C. § 1441(a) as this Court embraces the Middlesex Superior Court, where the complaint in the State Court Action was filed.

5. <u>Copies of Process/Pleadings</u>. Pursuant to 28 U.S.C. § 1446(a), Defendants state that they have *not* yet been served with any process, pleadings, or orders.

6. <u>Timeliness</u>. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice is timely because it is being filed within 30 days of the date that Verizon Wireless otherwise "received" a copy of the Complaint, *i.e.*, within 30 days of October 11, 2012, the day on which Verizon Wireless obtained a copy of the Complaint.

7. <u>Consent to Removal</u>. Defendants are represented by the same counsel and, by and through the undersigned counsel and pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendants hereby provide their written consent to removal of the State Court Action to this Court.

8. <u>Notification to State Court/Adverse Parties</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Middlesex Superior Court and being served on all adverse parties to this action as of the date of filing of this Notice.

9. <u>Certified Copies</u>. Pursuant to Local Rule 81.1(a), Defendants shall file certified or attested-to copies of all records and proceedings, as well as all docket entries, in the State Court Action with this Court, within 28 days of the date of filing of this Notice.

10. <u>Reservation of Rights</u>.  As of the date of filing of this Notice, no further proceedings have been had in the State Court Action.  By filing and consenting to this Notice, Defendants do not waive any objections or other defenses that are or may be available to them in this action, including, without limitation, any defenses under Federal Rule of Civil Procedure 12.  Furthermore, Defendants expressly reserve the right and ability to seek to dismiss this action in favor of arbitration pursuant to a written arbitration agreement between Grand and Verizon Wireless.  Defendants reserve the right to amend or supplement this Notice as necessary.

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION.

11. This action is within the original jurisdiction of this Court and removal is proper, as the Federal Claim, which alleges a violation of RICO, arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over the additional state-law claims as they "form part of the same case or controversy."  *See* 28 U.S.C. § 1367.

12. The severance provisions in 28 U.S.C. § 1441(c)(2) do not apply to this action as Grand's state-law claims fall within this Court's supplemental jurisdiction.  *See* 28 U.S.C. §§ 1441(c)(1)(A) and (B) and 1441(c)(2) (state law claims severed *only* when a claim within a federal court's original jurisdiction is joined with a claim that is *not* within the original *or* supplemental jurisdiction of this Court).

WHEREFORE, Defendants respectfully give notice to the this Court, the Middlesex Superior Court, and all adverse parties that (1) Defendants hereby remove the State Court Action to this Court and (2) pursuant to 28 U.S.C. § 1446(d), the Middlesex Superior Court shall proceed no further in the State Court Action.

Date: October 18, 2012

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS and
ERIN McCAHILL

By their attorneys,

/s/ David G. Thomas
David G. Thomas (BBO No. 640854)
GREENBERG TAURIG, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Of Counsel

Philip R. Sellinger
Todd L. Schleifstein
GREENBERG TAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 360-7900

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through ECF system will be sent by first-class mail to Samuel Perkins, Esq., Brody, Hardon, Perkins & Kesten LLP, One Exeter Plaza, Boston, Massachusetts 02116 on October 18, 2012.

/s/ David G. Thomas