# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION No.

12-4015



| | |
|---|---|
| Grand Wireless, Inc., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Verizon Wireless, Inc. | ) |
| | ) |
| and | ) |
| | ) |
| Erin McCahill, | ) |
| | ) |
| Defendants | ) |
| | ) |

2399A000010/09/12CIVIL        240.00
2399A000010/09/12SURCHARGE     15.00
2399A000010/09/12SECC          20.00
2399A000010/09/12SUMMONS       10.00

## COMPLAINT

Grand Wireless, Inc. ("Grand Wireless") brings this action against Verizon

Wireless, Inc. ("VZW") and its Director of Indirect Communication, Erin McCahill, to

recover for harm caused by VZW's false and deliberate misrepresentation to Grand

Wireless customers that Grand Wireless had ceased to do business, and alleges:

1.  Grand Wireless is a Massachusetts corporation which, until the fall of 2011, was as an

    Authorized Agent for VZW, selling cell phone equipment and service plans.

1

2.  VZW is a d/b/a of Cellco Partnership. In 2010-2012, when VZW planned and carried

    out a campaign to drive Grand Wireless out of business, it dealt with Grand Wireless

    through VZW's New England Region office, which is located in Wilmington,

    Massachusetts.

3.  Grand Wireless served continuously an Authorized Agent for VZW and its corporate

    predecessors from 1994 until late 2011. As an Authorized Agent, Grand Wireless sold

    equipment and cell phone service plans exclusively for VZW.

4.  The last Authorized Agent contract between VZW and Grand Wireless took effect

    September 27, 2002, and had a five-year term. The 2002 Contract is attached to this

    Complaint as Exhibit A.

5.  Under Paragraph 8 of the 2002 contract, once the initial five-year term ended, the

    Authorized Agent agreement became month-to-month:

    **8.      TERM OF RELATIONSHIP**

                      *             *             *             *

    Upon expiration of the Term, this Agreement will continue on a month-to-month

    basis until terminated by either party, with or without cause, on thirty (30) days

    prior written notice or the parties enter into a renewal agreement.

2

6.  Although the "Term of Relationship" provisions of the 2002 contract appear to give

    VZW and Grand Wireless the right to terminate on 30 days' notice, the following

    paragraph of the 2002 Contract, which deals exclusively and in detail with

    termination, specifies that if VZW chooses to terminate the agreement "without

    cause," it must give the Authorized Agent six months' notice:

        9.1.4. Verizon Wireless has the right to terminate this Agreement at any time,

        with or without cause, upon six (6) months prior written notice to Authorized

        Agent.

7.  The five-year initial term of the 2002 contract expired September 27, 2007.

8.  From 2007 onward, the Authorized Agency agreement continued in effect, and by

    mid-2010 Grand Wireless had, with VZW's encouragement, opened a total of

    fourteen locations in Massachusetts, Connecticut and Rhode Island.

9.  From mid-2010 onward, VZW repeatedly indicated that Grand Wireless would

    remain an Authorized Agent for years to come:

        a) Under contract offers dated April 14, August 30, and August 31, 2010, VZW

        provided Grand Wireless with "Market Development Funds" and "Coop Incentive

        Funds" for advertising and store opening promotions. These agreements required

3

the Grand Wireless store that received such funds to stay in operation for at least

eighteen months after receiving the funds, and provided that VZW would be

entitled to recover the advances if those Grand Wireless locations closed before

eighteen months. By extracting an eighteen month commitment from Grand

Wireless, VZW confirmed that Grand Wireless would remain an Authorized

Agent for at least that long.


b) VZW did not permit Grand Wireless to renew leases for its stores without prior

approval from VZW. In July of 2010, VZW approved a three-year lease for

Grand Wireless' Middletown, Rhode Island location, and in August of 2010 it

approved a five-year lease for the Swansea, Massachusetts location. These

approvals confirmed that Grand Wireless' Authorized Agency would continue for

years.


c) On November 3, 2010, VZW asked Grand Wireless to submit the necessary

paperwork for a renewed Authorized Agent contract. On February 3, 2011, VZW

again confirmed its intention to enter into an ongoing Authorized Agent contract

by notifying Grand Wireless: "We need to start the process to renew your

contract." Both communications confirmed that VZW intended to use Grand

Wireless as an Authorized Agent for years to come.


10. On or about July 19, 2011, VZW notified Grand Wireless that it was terminating the

contract "without cause," and that the termination would take effect in 30 days. (The

July 19, 2011 termination letter is attached to this Complaint as Exhibit B.)

11. In October of 2011, VZW mailed an oversized (6" by 11") color postcard, featuring the picture of an attractive young woman, to the customers of eight remaining Grand Wireless stores, proclaiming that these Grand Wireless stores had "CLOSED." The mailing provided the customers with the address of the nearest competing Verizon Wireless store.

12. VZW's representation that eight Grand Wireless stores had "CLOSED" was false. The plaintiff's information and belief is that Erin McCahill, VZW Director of Indirect Distribution, together with additional as-yet-unidentified VZW executives, authorized the mailing and knew when the mailing went out that it was false. As of early October, VZW knew that Grand Wireless was negotiating with another wireless carrier, TMobile, to become an independent agent, and that Grand Wireless intended to become an authorized TMobile agent in the remaining eight stores.

13. The plaintiff's information and belief is that Erin McCahill and other to-be-identified VZW executives were well aware that an announcement Grand Wireless had "CLOSED," as opposed to an announcement that Grand Wireless would no longer sell Verizon Wireless service, would deal a body blow to Grand Wireless' ability continue in business as a TMobile outlet. VZW executives' decision to declare Grand Wireless "CLOSED" was a deliberate attempt to eliminate Grand Wireless as a competitor to nearby Verizon stores.

14. VZW is legally responsible for the actions of its executives in October, 2011 in mailing the announcements that "GRAND WIRELESS. . .HAS CLOSED."

15. As a result of VZW's false mailed announcements to Grand Wireless customers that "GRAND WIRELESS. . .HAS CLOSED," Grand Wireless' attempt to re-brand as a T-Mobile outlet failed within several months and by [Date?] all [Number?] remaining Grand Wireless stores had ceased operations, resulting in substantial financial loss to the corporation.

## COUNT I

## GRAND WIRELESS V. MCCAHILL

## RICO

16. Erin McCahill and all other VZW executives who aided and abetted her in issuing the mailed announcements engaged in a fraudulent scheme that used the United States mails to transmit false representations that "GRAND WIRELESS. . .HAS CLOSED," in violation of the federal mail fraud statute, 18 U.S.C. § 1341.

17. By authorizing other Verizon employees to send false mailed announcements to customers of multiple Grand Wireless stores, in violation of the federal mail fraud statute, Erin McCahill and all other responsible VZW executives engaged in a pattern of racketeering conduct, in violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.

18. The false announcements mailed to Grand Wireless customers by VZW caused economic loss to Grand Wireless, including loss of revenue and closure of the remaining Grand Wireless stores.

WHEREFORE, Grand Wireless demands judgment on count I awarding damages, treble damages, attorney's fees, interest and costs.

## COUNT II

## GRAND WIRELESS V. MCCAHILL

## M.G.L. C. 93A, § 11

19. The plaintiff incorporates paragraphs 1-18 of this complaint here.

20. McCahill's mailing of announcements to Grand Wireless customers that "GRAND WIRELESS. . .HAS CLOSED" was a knowingly false and deceptive communication, and constituted an unfair and deceptive act and practice in commerce, in violation of M.G.L. c. 93A, § 11.

21. The false and deceptive announcements mailed to Grand Wireless customers by McCahill caused economic loss to Grand Wireless, including loss of revenue and closure of the remaining Grand Wireless stores.

WHEREFORE, the plaintiff demands judgment on Count II awarding damages, treble damages, attorneys fees, interest and costs.

## COUNT III

### GRAND WIRELESS V. VZW

### M.G.L. C. 93A, § 11

22. The plaintiff incorporates paragraphs 1-21 of this complaint here.

23. VZW is liable, as McCahill's employer, for her violations of M.G.L. c. 93A, § 11.

WHEREFORE, the plaintiff demands judgment on Count III awarding damages, treble damages, attorneys fees, interest and costs.

## COUNT IV

### GRAND WIRELESS V. MCCAHILL

### INJURIOUS FALSEHOOD

24. The plaintiff incorporates paragraphs 1 –23 of this complaint here.

25. McCahill's announcements to Grand Wireless customers that "GRAND WIRELESS. . .HAS CLOSED," were false and defamatory, and caused Grand Wireless economic harm by depriving it of revenue and forcing it to close its remaining stores.

WHEREFORE, the plaintiff demands judgment on Count IV awarding damages, interest and costs.

<u>COUNT V</u>

<u>GRAND WIRELESS V. VZW</u>

<u>INJURIOUS FALSEHOOD</u>

26. The plaintiff incorporates paragraphs 1 –25 of this complaint here.

27. VZW is liable, as McCahill's employer, for the injurious falsehoods in her

announcements to Grand Wireless customers that "GRAND WIRELESS. . .HAS

CLOSED."

WHEREFORE, the plaintiff demands judgment on Count V awarding damages, interest

and costs.

<u>COUNT VI</u>

<u>GRAND WIRELESS V. MCCAHILL</u>

<u>INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP</u>

28. The plaintiff incorporates paragraphs 1 – 27 of this complaint here.

29. McCahill's announcements to Grand Wireless customers that "GRAND WIRELESS.

. .HAS CLOSED," were false, and interfered with Grand Wireless' business

relationships with its customers, causing Grand Wireless economic harm by depriving

it of revenue and forcing it to close its remaining stores.

9

WHEREFORE, the plaintiff demands judgment on Count VI awarding damages, interest
and costs.

## COUNT VII

## GRAND WIRELESS V. VZW

## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

30. The plaintiff incorporates paragraphs 1 – 29 of this complaint here.

31. VZW is liable, as McCahill's employer, for the injurious falsehoods that interfered
    with Grand Wireless' business relationships with its customers.

WHEREFORE, the plaintiff demands judgment on Count VII awarding damages, interest
and costs.

### Jury Demand

The plaintiff demands trial by jury on all issues.

Respectfully Submitted,
Grand Wireless, Inc.
By its attorney,

Samuel Perkins, B.B.O. No.: 542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100
sperkins@bhpklaw.com

Dated: October 5, 2012

10